UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

Plaintiff,

v.

Sharmaine Meadows,

Defendant.

Case No. 26-cr-90 (SRN/ECW)

**DEFENDANT'S MEMORANDUM AS TO PROPOSED VIRTUAL WITNESS TESTIMONY**

Defendant Sharmaine Meadows has asked the Court to permit the remote testimony of Defense witness Ronette Robinson. There is no District of Minnesota local rule authorizing remote criminal testimony, and the Eighth Circuit has not squarely addressed a defense-proponent video request, so the governing standards below draw on persuasive out-of-circuit district authority.

The Confrontation Clause guarantees that "the accused shall enjoy the right … to be confronted with the witnesses against him." *United States v. Bordeaux*, 400 F.3d 548 (8th Cir. 2005). By its terms the right runs only against adverse witnesses, and it belongs to the defendant. It is therefore not implicated when the defendant is the party presenting the witness. As the court explained in *United States v. DeLeon*, 418 F. Supp. 3d 682 (D.N.M. 2019), "[a] Confrontation Clause violation does not occur when a defendant calls a non-hostile witness telephonically or via videoconference," because "[a]dversity is not present when the witness is aligned with the defendant"; alternatively, a defendant who calls a witness remotely waives any confrontation objection. *Id.*

District courts addressing defense requests have reached the same conclusion. In *United States v. Pritchard*, No. CR-23-00232-001-PHX-KML, 2024 WL 4347815 (D. Ariz. Sept. 30, 2024), — the most directly on-point decision, where the defendant sought to present two defense witnesses by live video — the court held that "Confrontation Clause concerns are not present here because [the defendant] is the party seeking to present the witnesses," and collected other courts permitting defense witnesses to testify by video or telephone.

Equally important, the Government has no independent confrontation right. The constraints on defense-offered remote testimony therefore come not from the Sixth Amendment but from Rule 26 and the court's interest in the integrity and reliability of the factfinding process.

The controlling Eighth Circuit authority on remote testimony, *United States v. Bordeaux*, 400 F.3d 548 (8th Cir. 2005), is a prosecution-witness case. It holds that Craig's case-specific necessity findings apply to both one-way and two-way closed-circuit television "in cases like this" — that is, where the Government presents a witness against the accused — and it rejects the view that two-way video is constitutionally equivalent to face-to-face confrontation. That rule is binding when the prosecution offers the witness, but it is a gloss on the defendant's confrontation right and does not reach a situation where the defendant is the proponent. Where the defense offers the witness, that right is not in play, so the stringent Craig/Bordeaux necessity-and-reliability test does not apply.

The Governing Constraint is Rule 26's Open-Court / Live-Testimony Preference. Rule 26 provides that "[i]n every trial the testimony of witnesses must be taken in open court, unless otherwise provided by a statute or by rules." *United States v. Pritchard*, No. CR-23-00232-001-PHX-KML, 2024 WL 4347815 (D. Ariz. Sept. 30, 2024). Underlying the rules is "a preference

for live testimony," which gives the jury the opportunity to observe the witness's demeanor. *Id*. This preference - not the Confrontation Clause - is what Defendant's proposed remote appearance must overcome.

*Pritchard* sets out the two-part showing a court may require before allowing a defense witness to testify by live video:

> 1. Necessity, not convenience. "[D]ue to Rule 26's preference for live testimony," the defense "must show that using a video-link is 'necessary'—i.e., that the witnesses would endure hardship by having to testify in person—rather than merely a matter of 'convenience.'" *Id.* The court rejected vague assertions (a witness in basic training; an elderly witness lacking travel funds, where public funds would pay for travel) and required the defense to "describe in specific detail why these witnesses would face hardship in traveling to trial." *Id.*
>
> 2. Reliability and integrity safeguards. The court must be able to "ensure the reliability and trustworthiness of th[e] witness testimony." *Id*. Practically, that means addressing "the locations from which the witnesses will testify, the stability of their internet connections, provisions for cameras that will reflect the witnesses' demeanor in a manner akin to live testimony, the witnesses' ability to see counsel and the courtroom, and measures taken to ensure 'the witness is not being coached or influenced during testimony, and that the witness is not improperly referring to documents.'" These safeguards substitute for the cross-examination and demeanor protections that the Confrontation Clause would otherwise supply.

As with a prosecution witness, no District of Minnesota local rule authorizes remote testimony in a criminal case. Local Rule 7.3 permits virtual proceedings in civil matters only, with no criminal counterpart. (MN R USDCT LR 7.3) The CARES Act's temporary video authority has lapsed, and its permanent replacement, Fed. R. Crim. P. 62, provides videoconferencing authority only after a Judicial Conference emergency declaration, excludes felony trials, and expressly "does [not] address if or when trial participants other than the

defendant may appear by videoconferencing." (Fed. R. Crim. P. 62) So the matter rests on Rule 26 and the court's discretion, informed by the persuasive authority above.

Defendant's proposed witness Ronette Robinson, resides in the State of Florida. She has small children, and is highly involved in their care. Her husband works full time and therefore has difficulty assisting in that care. She can ensure a secure connection for video conferencing, an appropriate setting from which to appear, and a camera setup such that her demeanor would be clearly observable to the jury.

Respectfully submitted,

Dated: October 1, 2026.

**WOLD LAW**

/s/ John K. Fee
John K. Fee, Atty ID 0504800
331 Second Ave. S., Ste. 705
Minneapolis, MN 55401
612.341.2525