UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Criminal No. 26-cr-90 (SRN/ECW)

UNITED STATES OF AMERICA,

Plaintiff,

v.

SHARMAINE MEADOWS,

Defendant.

**GOVERNMENT'S BRIEF Re:**
**COURT ORDER ECF No. 93**

The Court ordered the parties to file a brief by 9:00 p.m., October 5, 2026, concerning the applicability of Eighth Circuit Pattern Instruction 7.04 concerning Deliberate Ignorance/Willful Blindness. The Court's Order makes reference to the government's decision not to pursue application of the *Pinkerton* instruction. The reference to the *Pinkerton* instruction is inapt. The government chose not to pursue the instruction in light of Defendant's concession that, as currently pled, the instructions permit the government to argue that the "charged theories give the jury a lawful, counseled path to consider the conduct of Davis, Ushie, and other Cradle staff — through Ms. Meadows's direction of, knowledge of, and participation in the five charged executions." ECF No. 89 at 9.

Entirely unrelated, the Deliberate Ignorance instruction is "particularly appropriate" when a defendant "denies any knowledge of a criminal scheme despite strong evidence to the contrary." *United States v. Hayes*, 574 F.3d 460, 475 (8th Cir. 2009); *United States v. Whitehill*, 532 F.3d 746,

751 (8th Cir. 2007). As the Committee Comments to the Eighth Circuit Criminal Pattern Jury Instruction 7.04 notes: "[t]he instruction is appropriate . . . where the defendant asserts a lack of guilty knowledge but the evidence supports an inference of deliberate ignorance." *United States v. Collier*, 932 F.3d 1067, 1076 (8th Cir. 2019).

Defendant's stated defense from the outset of trial was precisely that she lacked knowledge of a criminal scheme. *See* Tr. at 52-53, 55-56, 991, 992. Further, the government has established through both government and defense witnesses that Defendant was aware of program rules requiring services to actually be provided, that the program required providers to ensure that many of those hours were spent directly with the beneficiary and, after May 2023, that these services were provided in-person (*e.g.*, Tr. at 120-133, 134-35; 135-36, 1073, 1175, 1180-82; Govt. Ex. 111; Govt. Ex. 366). The government has also established that Defendant was aware that her employees were not complying with these program rules and, most significantly, were submitting hours that were not actually worked (*e.g.*, 281, 565-66, 1135-36; Govt. Ex. 326; Govt. Ex. 327; Govt. Ex. 332; *see also* Govt. Ex. 356 (discussing policy to "auto add" 2 hours to client billing)), and that these were the hours which were billed to Medicaid (*e.g.*, Govt. Ex. 344 (payroll emails showing hours attributable to specific programs); Tr. at 310, 316 (Defendant's biller testifying that employee hours "worked" were the hours billed to DHS and testifying regarding Meadows' presence at 85-90% of payroll meetings). Evidence has also established that Defendant was the owner of Cradle of Love, Defendant made promises to not to submit false claims and to return any overpayments (Tr. at 142-47, 156, 159), and Defendant reviewed the billing and that she did so for the duration of the fraud scheme (*e.g.*, Tr. at 889-94, 966, 980-81 (statements by the defendant), 949-957; *see also* Ex. 344, Tr. at 310, 316).

Based on the opening and repeated questioning of witnesses, her defense to all of this is that after her son's tragic passing, she was not paying attention to the business (*e.g.*, Tr. at 52-53, 1122-23), including investigating the repeated red flags of false hours *and* specific instances of false claims for which she was made aware, and despite evidence that she continued to be the sole financial beneficiary of the fraud scheme (Tr. at 861-65, 867-69).

This is precisely the case for which the deliberate ignorance instruction was designed: where the evidence "support[s] the inference that the defendant was aware of a high probability of the existence of the fact in question and purposely contrived to avoid learning all of the facts in order to have a defense in the event of a subsequent prosecution." *United States v. Aleman*, 548 F.3d 1158, 1166 (8th Cir. 2008) (quoting *United States v. Barnhart*, 979 F.2d 647, 651 (8th Cir. 1992)). "If reasonable inferences support a finding the failure to investigate is equivalent to 'burying one's head in the sand,' the jury may consider willful blindness as a basis for knowledge." *Whitehill*, 532 F.3d at 751.

Not only the Eighth Circuit is replete with caselaw supporting the application of the Deliberate Ignorance instruction in cases just like this one; other Circuits concur. "A deliberate-ignorance instruction is appropriate when defendants claim to lack guilty knowledge, but the facts and evidence support an inference of deliberate ignorance." *United States v. Betro*, 115 F.4th 429, 453 (6th Cir. 2024) (internal quotation marks and citation omitted); *see also United States v. Reichert*, 747 F.3d 445, 451–52 (6th Cir. 2014) (the "willfulness requirement may be satisfied by a showing of willful blindness; that is, a defendant's conscious decision to remain ignorant of the illegality of his conduct even when the defendant is aware of a high probability that his conduct is in fact illegal"); *United States v. Onque*, 665 Fed. Appx. 189, 197-198 (3d Cir. 2016) (court found no error in the District Court's giving willful blindness instruction in face of defendant's claim that

there was no evidence that "she took steps to 'avoid learning' of the fraudulent nature of the transactions," reasoning that there was ample evidence from which "a jury could infer from [defendant's] failure to investigate these transactions, as well as her participation in other, similar transactions … that she suspected that the transactions were probably fraudulent and did not wish to have her suspicions confirmed through inquiry").

The Ninth Circuit, in an *en banc* decision, helpfully reminds that "[i]n deciding whether to give a particular instruction, the district court must view the evidence in the light most favorable to the party requesting it. When a party requests instructions on alternative theories, the district judge must consider the instructions separately and determine if the evidence could support a verdict on either ground." *United States v. Heredia*, 483 F.3d 913, 922 (9th Cir. 2007) (*en banc*). "[T]he government is not required to prove willful blindness by direct evidence." *United States v. Valbrun*, 877 F.3d 440, 446 (1st Cir. 2017). The government "may satisfy its burden of production by adducing evidence that red flags existed that the defendant consciously avoided investigating." *Id*. "[E]vidence of direct knowledge . . . does not preclude a willful blindness instruction . . . . [W]hat the 'separate and distinct' requirement means is that when the evidence presented at trial provides the jury with only a binary choice between actual knowledge and innocence, a willful blindness instruction is inappropriate. . . . 'Separate and distinct' evidence of willful blindness exists where . . . the jury could take one view of the evidence and reasonably conclude that the defendant had actual knowledge or, alternatively, reject that view of the evidence but still reasonably conclude instead that the defendant was willfully blind." *United States v. Azubike*, 564 F.3d 59, 67–68 (1st Cir. 2009).

The Third Circuit has also held that, if supported by the evidence, it is not inconsistent for a court to give instructions on both actual knowledge and willful blindness, because if the jury

does not find actual knowledge, it might still find willful blindness. *See, e.g., United States v. Caraballo-Rodriguez*, 726 F.3d 418, 426 (3d Cir. 2013); *United States v. Wert-Ruiz*, 228 F.3d 250, 255 (3d Cir. 2000). As noted above, direct evidence of conscious avoidance is not required to warrant giving the instruction. *See Onque*, 665 Fed. Appx. at 197-198; *see also United States v. Stadtmauer*, 620 F.3d 238, 259 (3d Cir. 2010). The evidence can be completely circumstantial. *See United States v. Singh*, 222 F.3d 6, 11 (1st Cir. 2000).

As noted above, the government has done more than enough to establish a basis for the application of the Willful Blindness instructions. It should be adopted by the Court.

Respectfully submitted,

DANIEL N. ROSEN
United States Attorney
District of Minnesota

*/s/ Emily Reeder-Ricchetti*
Emily Reeder-Ricchetti
Trial Attorney
DC Bar No. 252710
United States Department of Justice
National Fraud Enforcement Division
1400 New York Avenue NW
Washington, DC 20005
202-355-5633
Emily.Reeder-Ricchetti@usdoj.gov