UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

Plaintiff,

v.

Sharmaine Meadows,

Defendant.

Case No. 26-cr-90 (SRN/ECW)

**DEFENDANT'S MEMORANDUM REGARDING PROPOSED WILLFUL BLINDNESS INSTRUCTION**

The Court has directed the parties to brief whether the proposed deliberate ignorance/ willful blindness instruction, modeled on Eighth Circuit Model Criminal Jury Instruction 7.04, is appropriate and, if so, how it is supported by the evidence. Defendant Sharmaine Meadows submits that the instruction is not appropriate and should not be given.

The Government's case against Meadows is one of actual knowledge: the Indictment charges that she "knowingly and willfully" executed a scheme to defraud Medicaid by causing the submission of three specified false claims. An Eighth Circuit deliberate-ignorance instruction is permitted only on a two-part evidentiary foundation that is absent here — evidence both that the defendant subjectively believed a high probability of fraud and that she took deliberate steps to avoid confirming it. Giving the instruction where the proof is of actual knowledge invites the jury to convict on a negligence or "should have known" standard, relieving the Government of its burden to prove knowledge beyond a reasonable doubt. That risk is heightened, not diminished, by the Government's withdrawal of its proposed Pinkerton instruction.

## ARGUMENT

### I. The Eighth Circuit permits a deliberate-ignorance instruction only on a two-part evidentiary foundation that the Government cannot satisfy.

A willful blindness instruction "allows the jury to impute knowledge to the defendant of what should be obvious to him, if it found, beyond a reasonable doubt, a conscious purpose to avoid enlightenment." *United States v. Barnhart*, 979 F.2d 647 (8th Cir. 1992). But the Eighth Circuit has repeatedly cautioned that the instruction "should not be given out in all cases," because "despite the instruction's cautionary disclaimer, there is a possibility that the jury will be led to employ a negligence standard and convict a defendant on the impermissible ground that he should have known an illegal act was taking place." *Id.*

Accordingly, the instruction "should not be given unless there is evidence to support the inference that the defendant was aware of a high probability of the existence of the fact in question and purposely contrived to avoid learning all of the facts." *Id.* Both components are required. "Ignorance is deliberate if the defendant was presented with facts that put him or her on notice that criminal activity was particularly likely, yet the defendant intentionally failed to investigate those facts." *United States v. Novak*, 866 F.3d 921 (8th Cir. 2017). A defendant who simply remains unaware — without being confronted with facts signaling that fraud is probably afoot and then deliberately looking away — is not deliberately ignorant. *United States v. Honea*, 660 F.3d 318 (8th Cir. 2011).

*Barnhart* illustrates the point and controls. There, the defendant "failed to investigate" and "remained ignorant," but the Eighth Circuit held the instruction "should not have been given" because "the facts made available to Barnhart did not suggest that criminal activity was probably afoot." *United States v. Barnhart*, 979 F.2d 647 (8th Cir. 1992). Mere ignorance, even unreasonable ignorance, is not deliberate ignorance. The Government here has identified no

evidence satisfying the second prong — no affirmative, deliberate act by Meadows to avoid confirming that false claims were being submitted. Absent such a showing, the foundation required by Barnhart is missing and the instruction may not be given.

**II. Because the Government's proof is of actual knowledge, the instruction is improper and would invite a negligence verdict.**

The Eighth Circuit draws a clear line: the willful blindness instruction "should not be given when the evidence points solely to either actual knowledge or no knowledge of the facts in question." *United States v. Parker*, 364 F.3d 934 (8th Cir. 2004). The Government's theory is actual knowledge. The Indictment alleges Meadows "knowingly and willfully" executed the scheme and personally caused the submission of the three charged claims. Where, as here, the prosecution's evidence is marshaled to prove that the defendant actually knew of and participated in the fraud, a deliberate-ignorance charge is not warranted.

The Government cannot salvage the instruction by invoking Meadows's anticipated defense. It is true that the instruction can be "particularly appropriate when the defendant denies any knowledge of a criminal scheme despite strong evidence to the contrary." *United States v. Hayes*, 574 F.3d 460 (8th Cir. 2009). But Hayes approved the instruction in a § 1347 Medicaid-fraud case only because the record contained affirmative evidence of deliberate avoidance in addition to actual knowledge: the defendant "managed the … office and was responsible for submitting hundreds of fraudulent claims." *Id*. A denial of knowledge does not itself create the factual predicate; Barnhart forecloses that shortcut. *United States v. Barnhart*, 979 F.2d 647 (8th Cir. 1992). Unless the Government comes forward with evidence that Meadows was confronted with signs that fraud was probably occurring and deliberately chose not to confirm it, Hayes supports exclusion, not inclusion.

### III. The Government's withdrawal of its Pinkerton instruction makes a deliberate-ignorance instruction especially inappropriate.

The Court specifically asked the parties to address the instruction "in light of the Government's decision to withdraw an instruction under Pinkerton." That withdrawal is significant. With co-conspirator liability off the table, Meadows may be convicted only for her own conduct — direct execution of the scheme and aiding and abetting — each of which requires her own culpable mental state. The aiding-and-abetting theory requires that Meadows "knowingly acted … for the purpose of causing, encouraging, or aiding the commission of health care fraud" and did so "with intent to defraud." The offense further requires that she acted "willfully," meaning with "knowledge that the act is unjustifiable and wrongful," and with "intent to defraud," for which "[r]eckless indifference alone is insufficient."

The proposed Model 7.04 instruction, by its own terms, bears only on whether Meadows acted "knowingly." Deliberate ignorance cannot supply the heightened, purposeful mental states that the remaining theories of liability require. As the D.C. Circuit observed, while it "makes obvious sense" that a defendant cannot act knowingly without knowing what is going on, instructing a jury that a defendant "nevertheless acts knowingly if she intentionally does not know what is going on is something else again." *United States v. Alston-Graves*, 435 F.3d 331 (D.C. Cir. 2006). And a conscious-avoidance theory "cannot be used to support a finding" of the intent to participate in a scheme; one cannot purposefully join an enterprise one does not know exists. *United States v. Ferrarini*, 219 F.3d 145 (2d Cir. 2000)

Having abandoned the theory that Meadows is vicariously responsible for conduct committed by others, the Government should not be permitted to reintroduce a diluted, lower-culpability path to the same result through a deliberate-ignorance instruction — convicting Meadows not for what she did or knew, but for what she allegedly "should have known" about

the conduct of others. That is precisely the negligence-based conviction the Eighth Circuit's foundation requirement, and the Government's withdrawal of its Pinkerton instruction, are meant to prevent.

**CONCLUSION**

The Government's case is one of actual knowledge, the record discloses no evidence of deliberate avoidance, and a willful blindness instruction would risk a conviction on a negligence standard the Constitution forbids. For the foregoing reasons, Meadows respectfully requests that the Court decline to give the proposed deliberate ignorance/willful blindness instruction modeled on Eighth Circuit Model Criminal Jury Instruction 7.04.

Respectfully submitted,

Dated: October 1, 2026.

**WOLD LAW**

/s/ John K. Fee
John K. Fee, Atty ID 0504800
331 Second Ave. S., Ste. 705
Minneapolis, MN 55401
612.341.2525